## JAMES B. McKAY v. SILAS B. COLEMAN.

*Executors and administrators—Sale—Earnest money—Forfeiture— Mistake.*

1. Money paid by a bidder at an administrator's sale, and to be forfeited should he for any cause whatever fail to pay his bid, may be recovered back where the parties learn for the first time after the sale that a building which they believed stood *entirely* on the land sold is partially upon adjoining land not belonging to the estate; the case being ruled by the principles laid down in *Sherwood v. Walker*, 66 Mich. 568.

2. It is no defense to an action to recover such money that it has been accounted for by the administrator to the probate court as belonging to the estate, he having been informed before doing so of plaintiff's claim, who demanded the repayment of the money.

Error to Wayne. (Reilly, J.) Argued February 10, 1891. Decided February 27, 1891.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered in this Court for $100, interest, and costs. The facts are stated in the opinion.

*John G. Hawley,* for appellant.

*C. J. O'Flynn,* for defendant.

GRANT, J. Defendant, as administrator, advertised for sale at public auction, under the authority of the probate court, a certain piece of real estate in the city of Detroit. At the sale, after reading the notice, defendant announced that no bid would be accepted except on the payment of $100, which was to be forfeited by the bidder should he, for any cause whatever, fail to pay his bid, but which would be applied on his bid should he be guilty of no default in paying it. The land was struck off to the plaintiff for $2,767.73, and plaintiff paid defendant $100. The sale took place February 20, 1889. On March 8 defendant reported to the probate court, and an order was made confirming the sale. A deed was made out and tendered to plaintiff, but he declined to accept it, or to pay the balance of the purchase price. On March 11 he wrote defendant, stating that he made the bid under a "misapprehension as to the size of the lot and the peculiarity of the building on it." A building was upon the premises which was believed at the time of the sale to be entirely on the land advertised for sale, but in fact, as was first learned by the plaintiff and defendant after the sale, a small portion of the building was on other land. May 1, 1889, plaintiff demanded of the defendant a repayment of the $100, which defendant refused This suit was brought to recover that sum, and on the above facts judgment was rendered in the circuit court for the defendant. Subsequent to this sale the defendant obtained a quitclaim deed of the other land covered by the building, and then resold the land.

Judgment should have been entered for the plaintiff. This case is ruled by the principles laid down in *Sherwood v. Walker,* 66 Mich. 568. There was a mutual mistake of fact as to the condition of the property.

There was evidently a wide difference in value between the property as it actually was and as it was understood by both parties to be. Under this state of facts, the plaintiff cannot, in the language of the announcement made by the defendant, be held to be guilty of default in not paying his bid. It is clear that under these circumstances the defendant could not have enforced payment, because he could not himself fulfill the conditions of the sale as they were mutually understood between them. The forfeiture of the money paid must be determined by the ability of the defendant to perform the contract as mutually understood. The inability of the defendant to perform relieved the plaintiff from the forfeiture.

It is no defense to the action that the defendant had accounted for the money to the probate court as belonging to the estate. Before he did so the plaintiff had informed him of his claim, and demanded the repayment of the money. If the estate is not closed, the defendant has a remedy by applying to the probate court for a correction of his account.

The judgment must be reversed, and judgment entered in this Court for $100, interest, and costs.

CHAMPLIN, C. J., MORSE and McGRATH, JJ., concurred. LONG, J., did not sit.